Filed 5/24/13  Conservatorship of Hershberger CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person and Estate of RICHARD BEN HERSHBERGER, _____ EMILY STUHLBARG et al., as Coconservators, etc., Petitioners and Respondents, v. MELIKE DEWEY HERSHBERGER, Objector and Appellant, . | B241484 (Los Angeles County Super. Ct. No. BP 124562) |

APPEAL from an order of the Los Angeles Superior Court.  Reva G. Goetz, Judge and Brenda Penny, Judge Pro Tem.  Affirmed.

_____

Melike Dewey Hershberg, in pro. per., for Objector and Appellant.

No Appearance for Petitioners and Respondents.

_____

Melike Dewey Hershberger, whom the superior court has determined to be a vexatious litigant, appeals from an order entered in this conservatorship proceeding concerning Richard Hershberger.[1] The underlying facts are described in our opinion in a previous, related appeal and need not be repeated in detail here. (See *In re Hershberger* (Aug. 31, 2012, B236505) [nonpub. opn.].) In summary, Richard suffers from dementia, and two professional fiduciaries (Emily Stuhlbarg and Richard Norene) currently serve as conservators of his person and estate. In June 2010 (before the conservatorship proceedings were initiated), Melike picked up Richard from his residence, drove him to Las Vegas, married him there, and dropped him off at his residence a few days later, having charged all expenses for the trip to his credit card. (*Ibid.*)

In the previous appeal, Melike sought reversal of several orders, including the orders granting the petition for probate conservatorship and her petition for removal of conservator. (See *In re Hershberger* (Aug. 31, 2012, B236505) [nonpub. opn.].) On August 31, 2012, we filed our opinion affirming the orders. (*Ibid.*)

While that appeal was pending, Melike filed in the trial court a document that (1) purported to object to the conservators' accounting filed on February 10, 2012, and (2) sought a stay of all trial court proceedings pending appeal. The trial court ruled as follows: Insofar as Melike's filing sought affirmative relief (such as a stay), the court denied the request because she filed it in propria persona without first obtaining permission of the presiding judge; insofar as Melike was objecting to the conservators' accounting, her objections were overruled. Melike timely appealed from that order.

Substantial portions of Melike's opening brief on appeal raise arguments concerning notice of certain hearings in this conservatorship proceeding. Those issues were addressed in the previous appeal and cannot be reargued in this one. (See *In re Hershberger* (Aug. 31, 2012, B236505) [nonpub. opn.].)

---

[1]     Because they share a last name, we will refer to Richard and Melike by their first names.

Insofar as Melike seeks to challenge the trial court's denial of her request for a stay pending the previous appeal, her appeal is moot, because we filed our opinion in the previous appeal on August 31, 2012.

Insofar as Melike seeks to challenge the trial court's overruling of her objections, the appeal lacks merit. Melike's objection document (which is three pages long, including caption and signature pages) contains no intelligible criticism of the accounting. Without explanation or supporting argument, the document asserts that the accounting "has delayed and caused undue burden and expense on [Melike]" and that Melike "feels that the conservators['] February 10, 2012 filing is frivolous and is an attempt to cure deficiencies in the original action and to obtain costs and expenses related to their errors in the original action." Presented with no basis for those assertions, the trial court did not err by overruling Melike's objections.

DISPOSITION

The order is affirmed. Respondent shall recover his costs of appeal, if any.

NOT TO BE PUBLISHED.

ROTHSCHILD, J.

We concur:

MALLANO, P. J.

CHANEY, J.

3